V.Z. v Roman Catholic Diocese of Burlington (2024 NY Slip Op 04631)

V.Z. v Roman Catholic Diocese of Burlington

2024 NY Slip Op 04631

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Webber, J.P., Kern, Oing, Rosado, JJ. 

Index No. 950164/19 Appeal No. 2619 Case No. 2023-02044 

[*1]V.Z., Plaintiff-Appellant,
v
The Roman Catholic Diocese of Burlington, Defendant-Respondent, Archdiocese of New York et al., Defendants.

Herman Law, New York (Daniel G. Ellis of counsel), for appellant.
Joel P. Iannuzzi, Brooklyn, for respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered March 8, 2023, which granted defendant The Roman Catholic Diocese of Burlington's motion to dismiss the complaint as against it for lack of personal jurisdiction, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated as against Diocese of Burlington.
Plaintiff brings this action under CPLR 214-g, the Child Victims Act. He alleges that a Catholic priest (the Priest) sexually assaulted him in the mid-1980s, when he was between 11 and 12 years old and a parishioner at defendant St. Francis de Chantal Roman Catholic Church. According to the allegations in the complaint, while the Priest was assigned to a parish in New York, he was employed by defendant Diocese of Burlington, which had actual knowledge of his history of sexually abusing children.
Accepting as true the facts alleged (see Rushaid v Pictet & Cie, 28 NY3d 316, 327 [2016]), plaintiff has made a prima facie showing that Diocese of Burlington is subject to personal jurisdiction under CPLR 302(a)(1) (see PC-16 Doe v Hill Regional Career High School, 223 AD3d 518, 519 [1st Dept 2024]). Plaintiff alleges that Diocese of Burlington exercised supervision and control over the Priest, placing him on an indefinite, long-term assignment in New York to provide Catholic clergy services to parishioners in New York, including plaintiff even though it knew that he was a sexual predator. Plaintiff also alleges that during this period and in connection with those priestly duties, the Priest sexually assaulted plaintiff on multiple occasions. Therefore, plaintiff adequately alleges that Diocese of Burlington engaged in "purposeful activity" in New York, and that there is a "substantial relationship between the transaction and the claim asserted" (id.). While Diocese of Burlington denies that it has ever transacted business in New York, it did not submit any evidence to refute plaintiff's allegations concerning its employment relationship with the Priest and its ability to supervise and control him throughout the relevant period.
Further, "the exercise of long-arm jurisdiction over defendants per CPLR 302(a)(1) comports with due process, as it must" (id. at 520). For the reasons stated, "plaintiff adequately alleged Diocese of Burlington's 'minimum contacts' with New York, in the form of their purposeful availment of the privilege of conducting activities here, thus invoking the protections and benefits of New York's laws" (id.). Diocese of Burlington "failed to present a compelling case that some other consideration would render jurisdiction unreasonable" (id. [internal quotation marks omitted]).
We have considered Diocese of Burlington's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024